UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYRONE WRIGHT,

        Plaintiff,

v.                                        Case No. 3:20-cv-1093-BJD-JBT

JACKSONVILLE SHERIFF'S OFFICE,

        Defendant.
_____

## **ORDER**

### I. Status

Plaintiff is one of multiple inmates separately proceeding pro se on a "notice of intent to file a civil law suit claim against the Jacksonville Sheriff Department" (Doc. 3; Notice of Intent). Plaintiff initiated this action in the Fourth Judicial Circuit in and for Duval County, Florida, and the Office of General Counsel, on behalf of the City, removed it to this Court because Plaintiff alleges constitutional violations. See Notice of Removal (Doc. 1).[1]

---

[1] Over twenty cases were removed to this Court based on the identical notice of intent to sue. Some inmates, however, failed to respond to Court orders, so their cases were dismissed. Including this one, the following cases remain pending with ripe motions to dismiss: Case Nos. 3:20-cv-1093-BJD-JBT; 3:20-cv-01095-BJD-PDB; 3:20-cv-01096-BJD-MCR; 3:20-cv-01097-BJD-MCR; 3:20-cv-01098-BJD-MCR; 3:20-cv-01100-BJD-JBT; 3:20-cv-01101-BJD-JRK; 3:20-cv-01102-BJD-MCR; 3:20-cv-01104-BJD-MCR; 3:20-cv-01105-BJD-MCR; 3:20-cv-01220-BJD-JRK; and 3:21-cv-00196-BJD-PDB.

In the notice of intent to sue,[2] which is identical in style and verbiage to those filed by over twenty other inmates, Plaintiff asserts the Jacksonville Sheriff's Office (JSO) is failing to protect inmates from contracting COVID-19 by transferring inmates to and from the jail despite a quarantine mandate in effect at the time, housing "exposed inmates" with "unexposed inmates," and refusing to reduce the inmate population despite the fact that social distancing protocols cannot be achieved. See Notice of Intent at 1-2. Plaintiff does not allege he contracted the virus or sustained any injuries. Id. As relief, Plaintiff seeks "[t]o be compensated financially and for the [JSO] to show accountability." Id. at 3.

## II. Motion & Response

Before the Court is Defendant's motion to dismiss (Doc. 6; Motion), to which Plaintiff has responded (Doc. 9; Pl. Resp.). Defendant argues Plaintiff fails to state a plausible claim under the Eighth and Fourteenth Amendments,[3]

---

[2] Despite that Plaintiff titles the document a "notice of intent" to file a suit, the parties refer to it as a "complaint." For consistency, the Court will use the same nomenclature, though the Court notes that if Plaintiff had initiated the action in this Court, his filing would have been summarily dismissed.

[3] "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled in part on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As such, Eighth Amendment decisional law applies to cases involving pretrial detainees. Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)). See also Goodman v. Kimbrough, 718

2

does not allege having exhausted his administrative remedies, and, to the extent he states a claim, is barred from recovering compensatory damages because he does not allege having suffered a physical injury.[4] See generally Motion.

In response, Plaintiff complains he is not skilled in the law, and the evidence he needs to substantiate his allegations is "inside the [JSO] video footage [and] daily logs," which he cannot access. See Pl. Resp. at 3-4. He says he is being forced to "breathe in close quarters with other inmates which makes social distancing impossible for him," and suggests he should be released pending his trial.[5] Id. at 6. Plaintiff seeks permission to amend his complaint because "there are other defendants who were not added," and he was "unaware that his original complaint does not state a cause of action." Id. at 4.

---

F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

[4] Defendant also suggests the Court can exercise its authority to dismiss this action under 28 U.S.C. § 1915(e)(2). See Motion at 3. The Court is unable to exercise its authority under § 1915(e)(2) because that provision applies to "[p]roceedings in forma pauperis." Plaintiff is not proceeding in this Court as a pauper; Defendant paid the filing fee. See Imperato v. Navigators Ins. Co., 681 F. App'x 743, 745 (11th Cir. 2017) (reversing the district court's dismissal of the complaint under § 1915(e) because the plaintiff was not proceeding as a pauper).

[5] The Court takes judicial notice that Plaintiff has since entered a guilty plea. See Duval County Clerk of Courts website, available at https://core.duvalclerk.com (last visited Apr. 6, 2021). As of April 1, 2021, Plaintiff is in the custody of the Florida Department of Corrections (FDOC). See FDOC website, offender information search, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited Apr. 6, 2021).

Plaintiff's response to the motion to dismiss is nearly identical to the responses submitted by almost all of the other inmates who are proceeding on the same notice of intent to sue, including an unexplained and unsupported assertion that Plaintiff has "health issues," which make him more susceptible to contracting COVID-19. Id. at 6-7.[6]

### III. Motion Standard

Under the Federal Rules of Civil Procedure (Rule(s)), a party may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief may be granted." See Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, the court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but the Court need not accept as true legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Though detailed factual allegations are not required, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

---

[6] Plaintiff alleges he brought his medical condition to the attention of the trial judge as grounds to reduce his bond amount. See Pl. Resp. at 7.

## IV. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff attempts to sue an entity, as opposed to an individual person, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). See also Herrera v. Rambosk, No. 2:17-cv-472-FtM-29MRM, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) (dismissing the Collier County Jail under § 1915(e)(2)(B)(ii)); Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).

Because Plaintiff has named as the sole Defendant an entity not amenable to suit under § 1983, he fails to state a plausible claim for relief. Even if Plaintiff had named a plausible defendant, his claim for compensatory relief would fail under the Prison Litigation Reform Act (PLRA) because he alleges having suffered no physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). At most, Plaintiff expresses having feared contracting COVID-19. See Notice of Intent at 2. These emotional injuries alone cannot sustain an action for compensatory damages under § 1983. See 42 U.S.C. § 1997e(e).

Defendant moves the Court to dismiss the action with prejudice. See Motion at 1, 7. In response, Plaintiff requests permission to amend his complaint. See Pl. Resp. at 4. Generally, a pro se plaintiff should be provided at least one opportunity to amend his complaint "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, if amendment would be futile, such as where a plaintiff can "prove no set of facts" that would entitle him to relief,

id., the Court may dismiss the case with prejudice, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

While not addressing it directly, Defendant implicitly suggests an amendment would be futile because Plaintiff does not allege having exhausted his administrative remedies and does not assert "a valid claim against the City." See Motion at 3, 5-6. If Plaintiff failed to exhaust his administrative remedies as required under the PLRA, granting him an opportunity to amend indeed would be futile. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). However, Plaintiff has no obligation to "specially plead or demonstrate exhaustion in [his] complaint[]." Jones v. Bock, 549 U.S. 199, 211 (2007). Rather, "failure to exhaust is an affirmative defense." Id. Defendant provides no proof to demonstrate Plaintiff failed to exhaust his administrative remedies. As such, that argument fails.

It is true that Plaintiff does not currently state a valid claim because he names an entity not amenable to suit, does not allege having suffered a physical injury, and alleges no facts permitting the reasonable inference his constitutional rights were infringed. Plaintiff only generally complains the

conditions at the jail were unsafe when he initiated this action, suggesting prison officials were negligent. The Eleventh Circuit has emphasized that "deliberate indifference is not a constitutionalized version of common-law negligence." Swain v. Junior, 961 F.3d 1276, 1287 (11th Cir. 2020). Thus, the inability to control the spread of a contagious, deadly virus inside a jail does not necessarily establish jail officials were deliberately indifferent to a risk of harm if they took reasonable actions to address the risk, "even if the harm ultimately [was] not averted." Id. at 1298-88. Additionally, Plaintiff suggests it is impossible for inmates to achieve social distancing because of the high jail population. See Pl. Resp. at 6. "Failing to do the 'impossible' doesn't evince indifference, let alone deliberate indifference." Swain, 961 F.3d at 1287. This is true even if Plaintiff himself contracted the virus. Id.

Though Plaintiff fails to state a plausible claim for relief in his complaint, the Court cannot conclude that it would be futile for him to submit a new complaint because in his response, Plaintiff contends jail officials prohibited inmates from possessing personal protective equipment, "such as face masks, gloves, and hand sanitizer." See Pl. Resp. at 6. Accepting these allegations as true, Plaintiff might be able to state a plausible constitutional claim, assuming he names a proper defendant and can demonstrate a constitutional violation caused him to suffer a physical injury. Cf. Swain, 961 F.3d at 1288-89

8

(suggesting a jail's failure to implement reasonable, practical safety precautions to protect its inmate population from COVID-19 could, under some circumstances, amount to deliberate indifference, even if such allegations may not justify entry of injunctive relief or guarantee ultimate success).

That said, and despite Plaintiff's request to amend his complaint, the Court finds this case should be dismissed without prejudice subject to Plaintiff's right to initiate a new case, either in this Court (for the violation of his constitutional rights) or in state court (for simple negligence), if he believes he has a cognizable claim for relief against a plausible defendant, based on an actual injury that he suffered.

A district court should freely grant a motion to amend a complaint. Fed. R. Civ. P. 15(a)(2). However, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). While Plaintiff requests in his response that he be permitted to amend, he provides neither a motion to amend nor a proposed amended complaint that "set[s] forth the substance of the proposed amendment." See id. at 1279. He simply says he wants to add unnamed defendants and, because he is a layman unskilled in the law, he was unaware that his original complaint failed to state a plausible constitutional claim. See Pl. Resp. at 4. He offers no suggestion as

9

to how he will cure the deficiencies.

If Plaintiff seeks to amend his complaint to name as a defendant the Sheriff or the City, such a claim would fail because a § 1983 action may not be premised on a theory of supervisory liability or respondeat superior. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Absent allegations of a supervisor's personal participation, or otherwise demonstrating a causal connection between a supervisor's actions and the alleged constitutional deprivation, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates." Id. (internal quotation marks and citation omitted).

Moreover, Plaintiff fails to allege any individual at JSO violated his constitutional rights. As such, there can be no basis upon which to hold a supervisor liable. After all, "[t]here can be no policy-based liability or supervisory liability when there is no underlying constitutional violation." Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 821 (11th Cir. 2017) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

That Plaintiff's complaint and response to the motion to dismiss are virtually identical to those submitted by numerous other inmates undercuts

an argument that officials were deliberately indifferent to <u>his</u> health or safety.[7] <u>See, e.g.</u>, <u>Goodman v. Kimbrough</u>, 718 F.3d 1325, 1332-33 (11th Cir. 2013) (holding two jail guards' failure to conduct required cell checks and head counts did not demonstrate they had subjective knowledge of a substantial risk of serious harm to the plaintiff, who was severely beaten by his cellmate during their shift). <u>See also</u> <u>Farmer</u>, 511 U.S. at 837 ("The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"); <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991) ("To be cruel and unusual punishment, conduct … must involve more than ordinary lack of due care for the prisoner's interests or safety." (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986))).

The Court also is mindful that Plaintiff primarily takes issue with not having been released pending trial, allegations that do not give rise to a plausible civil rights claim. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973) ("[A] [§] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact

---

[7] Additionally, to the extent jail officials transported inmates between the jail and Montgomery Correctional Center (MCC) when they should not have been doing so, Plaintiff concedes jail officials took reasonable precautions by first "testing all of MCC inmates." <u>See</u> Notice of Intent at 1. Allegations that officials took reasonable precautions is at odds with Plaintiff's conclusory assertion that officials were deliberately indifferent to a substantial risk of serious harm. And Plaintiff does not allege jail officials transported him in the face of a positive COVID-19 test.

11

or length of his custody."). At the time Plaintiff initiated this action, the JSO was holding him on an order from the circuit court, which found probable cause to detain him and set a bond amount. See Duval County Clerk of Courts website, available at https://core.duvalclerk.com (last visited Apr. 7, 2021). It is well established that "the Government may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt." Bell v. Wolfish, 441 U.S. 520, 534 (1979). The JSO has no authority to release an inmate in contravention of a court order to detain him.

For the foregoing reasons, Defendant's motion is due to be granted in part to the extent the action will be dismissed without prejudice subject to Plaintiff's right to initiate a new action if he so chooses.

Accordingly, it is

**ORDERED:**

1. Defendant's motion to dismiss (Doc. 6) is **GRANTED in part** to the extent Plaintiff fails to state a plausible claim for relief under § 1983.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this action without prejudice, terminate any pending motions as moot, and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new action in this Court, he should not put this

case number on the form because the Clerk will assign a new case number upon receipt. If Plaintiff files a civil rights complaint form, he should pursue claims personal to him, naming as defendants only those individuals allegedly responsible for violating his federal constitutional rights, with an explanation of how each individual is so responsible and the resulting physical injury each individual caused him to suffer.

      **DONE AND ORDERED** at Jacksonville, Florida, this 8th day of April 2021.

                                            BRIAN J. DAVIS
                                      United States District Judge

Jax-6
c:
Tyrone Wright
Counsel of Record

13